IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICHARD S. FAIREST-KNIGHT,<br><br>Plaintiff,<br><br>v.<br><br>MARINE WORLD DISTRIBUTORS, INC.,<br><br>Defendant. | **CIVIL NO. 07-1708 (CVR)** |

**OPINION AND ORDER**

**INTRODUCTION**

From June 8 to 12, 2009, the non-jury trial in this case was held before this Magistrate Judge. (Docket Nos. 80-84). After the post-trial memoranda were filed, an Opinion and Order was issued on December 11, 2009 in favor of plaintiffs. The Court awarded the following amounts: 1) plaintiffs the amount of $15,739.96 for the faulty repairs of the boat; 2) plaintiffs the amount of $3,195.20 for towage to mooring from open sea; 3) plaintiffs the amount of $2,990.00 for storage at Marina Puerto del Rey's dry stack and insurance up to June 30, 2007 and $13.00 per day thereafter until the entry of judgment; 4) Mr. Richard Fairest the amount of $30,000.00 in damages; 5) Mrs. Valerie Fairest the amount of $15,000.00 in damages; 6) Alexander Fairest the amount of $5,000.00 in damages; 7) Michael Fairest the amount of $5,000.00 in damages. (Docket No. 103). On December 21, 2009, judgment was entered accordingly. (Docket No. 104).

On December 31, 2009, defendants Marine World Distributors, Inc. (hereafter "Marine World") filed a "Defendant's Motion for Amended and Additional Findings to Alter or Amend Judgment and/or New Trial" under Fed.R.Civ.P. 52 and 59. (Docket No. 106).

Richard S. Fairest-Kknight v. Marine World Distributors, Inc.
Civil No. 07-1708 (CVR)
Opinion and Order
Page 2

This request remains unopposed.

## ANALYSIS

**A.   Motion to Amend and for Additional Findings.**

Rule 52(a) requires a Court in a trial without a jury to "find the facts specially and state separately its conclusions of law thereon." Fed. R. Civ. P. 52(a). Rule 52(a) does not require that the district court set out findings on all factual questions that arise in a case. *See* Valley v. Rapides Parish School Bd., 118 F.3d 1047, 1053-54 (5th Cir. 1997). Rather, the district court is expected to provide a clear understanding of the analytical process by which ultimate findings of material facts were reached. *See* Id. Rule 52(b) permits a Court, on motion filed "no later than 10 days after entry of judgment," to amend its findings or make additional findings. Fed. R. Civ. P. 52(b). The purpose of Rule 52(b) is, generally, to correct manifest errors of law or fact. *See* Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986). "This is not to say, however, that a motion to amend should be employed to introduce evidence that was available at trial, but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits." Id. To prevail on a Rule 52(b) motion to amend, the moving party must show that the Court's findings of fact or conclusions of law are not supported by evidence in the record. Id.

Upon a careful review, Findings of Fact No. 3 and 39 are amended as requested and Finding of Fact 19 is stricken from the record as requested.

As to the other requests for amendments, we find Marine World does not satisfy the applicable standards for relief under Rule 59(e) or Rule 52(b). Both rules require a showing that the Court's prior decision was in error.  This Court is not convinced that its previous

Richard S. Fairest-Kknight v. Marine World Distributors, Inc.
Civil No. 07-1708 (CVR)
Opinion and Order
Page 3

ruling was erroneous since there are no manifest errors of law or fact in our corresponding Opinion and Order nor has Marine World brought upon this Court new evidence that will change our previous decision. Marine World, rather than pointing to manifest errors of law or findings that are not supported by the record, seeks modifications that it believes will enhance it chances of success on appeal. Because the remaining requests for amendments of Marine World are not based on complaints of manifest error or unsupported findings, they are DENIED. The Court declines a detailed analysis of the arguments and relies on its previous findings and conclusions.

**B.     Motion to Alter or Amend Judgment (Reconsideration) and/or for New Trial.**

Marine World claims there is no evidence to support the conclusion that it breached its duty of workmanlike performance. In addition, Marine World avers plaintiffs are not entitled to claim emotional damages and consequently this claim must be dismissed under federal and state law in the absence of evidence establishing Marine World's negligence.[1]

A motion for reconsideration under Rule 59(e) "calls into question the correctness of a judgment." Templet v. Hydro Chem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). A Rule 59(e) motion merely serves to allow "a party to correct manifest errors of law or fact or to present newly discovered evidence." Id. Rule 59(e) may also provide a means for a party to bring an intervening change in the controlling law to the Court's attention. *See* Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567-68 (5th Cir. 2003).

---

[1] Marine World also claims plaintiffs are not entitled to an award of attorney's fees. This matter will be entertained separately after any appeal has been filed and ruled upon by the Court of Appeals of the First Circuit.

Richard S. Fairest-Kknight v. Marine World Distributors, Inc.
Civil No. 07-1708 (CVR)
Opinion and Order
Page 4

Rule 59(e) relief is an extraordinary remedy and should be used sparingly. *See* Templet, 367 F.3d at 479.

Under Federal Rule of Civil Procedure 59(a)(1)(B), following a nonjury trial the district court may grant a new trial on some or all of the issues "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Further, under Rule 59(a)(2), "[a]fter a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." "The purpose of a Rule 59(a)(2) motion 'is to correct manifest errors of law or fact, or, in some limited situations, to present newly discovered evidence,'" Aplt.App., Vol. 1 at 224 (quoting Lyons v. Jefferson Bank & Trust, 793 F.Supp. 989, 991 (D.Colo.1992)).

Based on the purpose of Fed.R.Civ.P. 59(a)(2), and there being no manifest error of law or newly discovered evidence, the request for reconsideration and/or for new trial is **DENIED**. The Court declines a detailed analysis of the arguments and relies on its previous findings and conclusions. "[A] trial court should not grant a new trial merely because the losing party can probably present a better case on another trial." 6A James W. Moore et al., *Moore's Federal Practice* ¶ 59.08[2], at 59-97 (2d ed. 1989); *see also* 11 Charles A. Wright et al., *Federal Practice & Procedure* § 2804, at 53 (2d ed. 1995) ("A motion for a new trial in a nonjury case ... should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons.").

Furthermore, Rule 61 of the Federal Rules of Civil Procedure counsels that no error "is ground for granting a new trial ... unless refusal to take such action appears to the court inconsistent with substantial justice."

## CONCLUSION

In view of the foregoing, "Defendant's Motion for Amended and Additional Findings to Alter or Amend Judgment and/or New Trial" (Docket No. 106) is **GRANTED IN PART AND DENIED IN PART.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 3rd day of February of 2010.

s/**CAMILLE L. VELEZ-RIVE**
**CAMILLE L. VELEZ-RIVE**
**UNITED STATES MAGISTRATE JUDGE**